## CROCKER, Syndic, &c., vs. CHAMPLIN.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An insolvent debtor may make valid sales of his property at any time before
actual insolvency, when no preference is given to any creditor over others.

This is an action by the syndic of the creditors of one W.
W. Stewart, an absconding and insolvent debtor, to set aside
two sales of certain city lots and improvements thereon, made
to the defendant with a knowledge of the vendor's insolvency,
and to recover back said property for the benefit of the
creditors.

The defendant pleaded the general issue, and denied spe-
cially every allegation in the petition.

The acts of sale showed that the defendant purchased said
property for a fair price, and assumed certain sums or debts
owing on it by the insolvent, and gave his notes with mortgage
for the balance.

The sales were made in months of May and June, 1838, and
on the 30th July following, the insolvent applied for the bene-
fit of the insolvent law, in relation to debtors in actual custody.
He was imprisoned for a small debt of about $100, due to
Champlin & Cooper.

The judge a quo was of opinion, that the sales in question

were for a *bona fide* consideration paid and delivered at the time. There was judgment for the defendant, and the plaintiff appealed.

EASTERN DIS.
June, 1841.

CROCKER,
SYNDIC, &c.,
vs.
CHAMPLIN.

*Elwyn*, for the plaintiff.

*McKinney*, contra.

*Martin, J.* delivered the opinion of the court.

The syndic is appellant from a judgment in favor of the defendant, in which the former sought to set aside two acts of sale, executed by the insolvent to the defendant, of real property, on the ground that said sales were made within three months preceding the failure of the vendor.

It does not appear to us that the court erred. The sales in question were indeed made within the above period, but nothing shows that *any preference* was given or intended to be given to any creditor over others. The deeds of sale show, that the defendant assumed to pay in each case, a sum which remained due on the property from his vendor; and gave his own notes for the balance, bearing mortgage on the premises.

An insolvent debtor may make valid sales of his property at any time before actual insolvency, when no preference is given to any creditor over others.

It is in evidence, that the defendant paid a part of what was due by *his* vendor on this property, and also of his own notes, in due time; and nothing shows that any part of the balance is still due. No part of the insolvent's property was removed from the reach of the mass of the creditors, except the real property purchased by the defendant. If any portion of the price he engaged to pay, yet remains due and unpaid, the whole of the premises is bound for the payment of it. There is no allegation or evidence of unfairness in the price, and there does not appear to be any ground for the rescission of the sale.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.